IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KERN COUNTY SHERIFF'S OFFICER,<br><br>　　　　Defendant. | Case No. 1:12-cv-00106 JLT (PC)<br><br>FINDINGS AND RECOMMENDATION DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE<br><br>(Doc. 1)<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN THIS MATTER TO A DISTRICT JUDGE |

　　　　Plaintiff is a state prisoner proceeding pro se who seeks to proceed *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on January 24, 2012. (Doc. 1) For the reasons set forth below, the Court recommends that the matter be **DISMISSED WITHOUT PREJUDICE**.

**I.　Screening Requirement**

　　　　When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible . . ." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Because Plaintiff is unable to state claim upon

which relief can be granted, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED**.

## II.     Plaintiff has failed to exhaust his administrative remedies under the PLRA

Plaintiff alleges that sometime before the filing of the lawsuit, he was on suicide watch while at the Kern County Jail. (Doc. 1 at 3) He claims that while on this status and while restrained, he was beaten and sprayed with pepper spray by detention officers. Id. Plaintiff alleges that he has filed a grievance related to this event but admits that he has not yet completed these administrative procedures. Id. at 2.

### A.     Discussion

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to the inmate filing a lawsuit. See Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). The PLRA requires the inmate to exhaust every level in the administrative process. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). If the Court concludes that the prisoner has failed to exhaust his administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).

The goals of the PLRA's exhaustion requirement are to: (1) "eliminate unwarranted federal court interference with the administration of prisons;" (2) "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and, (3) "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 548 U.S. 81, 84-85 (2006). Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion." Id. at 92-94.

The grievance and appeal procedure for inmates in the custody of the California Department of Corrections and Rehabilitation, is a four-step process. Vaden v. Summerhill, 449 F.3d 1047, 1048-1049 (9th Cir. 2006); Cal. Code Regs. tit. 15, §§ 3084.1-3084.6. Generally, the inmate is required to file an informal inmate appeal within 15 days of the incident. Brown v. Valoff, 422 F.3d 926, 929-930 (9th Cir. Cal. 2005). If denied at this First Level, the inmate can appeal to the Second Level which, generally, is

to the warden or the warden's designee. Id. The Third Level Appeal is conducted by the CDCR's Director or designee. Id.

Importantly, "[t]he requirements of the prison's grievance process, not the PLRA, define the boundaries of proper exhaustion" (Jones v. Bock, 549 U.S. 199, 218 (2007)), and it is only a final decision on the merits from the Third Level Appeal which satisfies the exhaustion requirement under the PLRA. Cal. Code Regs., tit 15, § 3084.7(d)(3) (2011); Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009).

Here, Plaintiff admits that he has not yet completed the grievance procedures. (Doc. 1 at 2) Thus, he has not exhausted administrative remedies and he is prohibited from filing his complaint under the PLRA. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.")

In light of his admission that he has not completed the administrative procedures, the Court must find that Plaintiff failed to exhaust his administrative remedies as required by the PLRA. Given this, the matter must be dismissed.

**ORDER**

Based upon the foregoing, the Court **DIRECTS** the Clerk of the Court to assign this matter to a District Judge.

**FINDINGS AND RECOMMENDATION**

Based upon Plaintiff's failure to exhaust his administrative remedies, the Court recommends:

1.  That the motion to proceed in forma pauperis be **DENIED**;

2.  That the complaint be **DISMISSED WITHOUT PREJUDICE**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are forewarned that the Court does not anticipate granting extensions of time for this purpose. In addition, the parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 2, 2012**                                        **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE